IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
IN THE WESTERN DIVISION

| | |
|---|---|
| JERRY BAKER, as next of kin, Individually, and on behalf of all Wrongful death beneficiaries of RINGO J. BAKER, deceased,<br><br>   Plaintiff,<br><br>v.<br><br>DOUGLAS WILSON and YRC INC. D/B/A YRC FREIGHT,<br><br>   Defendants. | Case No. 2:23-cv-02213-JTF-cgc |

**ORDER GRANTING PLAINTIFF-INTERVENOR FLORENCE SMITH'S, ADMINISTRATOR OF RINGO BAKER'S ESTATE, MOTION TO INTERVENE**

Before the Court is Plaintiff-Intervenor Florence Smith's Motion to Intervene, filed on April 26, 2023. (ECF No. 9.) An amended version of the motion was filed later that day. (ECF No. 10.) Defendants do not oppose the motion, although the opposition of the named plaintiff is uncertain. However, the deadline for an initial response has now passed. For the below reasons, the Motion is **GRANTED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jerry Baker filed the present case in Shelby County Circuit Court on March 22, 2023. (ECF No. 1, 2.) Defendants Douglas Wilson and YRC, Inc. d/b/a YRC Freight ("YRC") timely removed the case to this Court on April 13, 2023. (ECF No. 1.) In brief, Jerry Baker brings wrongful death and personal injury claims on behalf of his brother, Ringo Baker, who he alleges was killed when a YRC truck driven by Douglas Wilson violated traffic law and collided with Ringo Baker.

The present motion is brought by Florence Smith, Jerry and Ringo Baker's sister and the appointed Administrator *Ad Litem* of Ringo Baker's estate for purposes of prosecuting a tort action on behalf of Ringo Baker, pursuant to an order from Shelby County Probate Court. (ECF No. 10-3.) Smith moves on behalf of Ringo Baker's other siblings, including herself, Sugar Long, Thelma Brown, Tommy Baker, Jeraldine Hunter-Gaddes, Freda Caradine, and Cutislene Baker Harris, to intervene in Jerry Baker's suit against Wilson and YRC. She seeks to intervene both as of right and, in the alternative, with permission, and alleges that she and her siblings possess interests in the present case that may be affected and which are not adequately represented by Jerry Baker. Smith filed the motion on April 26, 2023, which the Defendants did not oppose. As such, no response was filed.

## II.     LEGAL STANDARD

The Sixth Circuit has summarized the procedure for intervention as of right as follows:

> Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) grants the right to intervene, '[o]n timely motion,' to any individual that 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.' This rule 'require[s] an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest.'

*Clarke v. Baptist Memorial Healthcare Corp.*, 641 F. App'x 520, 522-23 (6th Cir. 2016) (quoting *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011)). Intervention as of permission is dependent on court discretion, and the court must determine whether a potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." *NAACP v. New York*, 413 U.S. 345, 365 (1973).

## III.    LEGAL ANALYSIS

2

As noted above, intervention as of right requires the potential intervenor to show that their motion was timely filed, they posses a substantial legal interest in the case, their interest will be impaired if they cannot intervene, and the existing parties will not adequately represent that interest. The Sixth Circuit "subscribes to a rather expansive notion of the interest sufficient to invoke intervention of right." *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 371 (6th Cir. 2014). Smith argues that she has met each of the four factors.

Smith's motion is certainly timely. The motion was filed only thirteen days after the case was removed to federal court and barely a month after it was originally filed in state court. Discovery has not begun and a scheduling order has not been entered. Further, Smith and the other siblings have a legal interest. Ringo Baker left no children or other heirs. Under Tennessee intestate law, his interest in this suit passed to his siblings equally. *Glanton v. Lord*, 183 S.W.3d 391, 393 (Tenn. Ct. App. 2005); *see also Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 317 (6th Cir. 2005) (Interest must be such that the proposed intervenor is "a real party in interest in the transaction which is the subject of the proceeding."). The Sixth Circuit has stated that even "close cases" should be resolved in favor of finding an interest, and this is not a close case on this point. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). It is also clear that intervention is necessary to protect this interest. Under Sixth Circuit law, "a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Id.* (emphasis added). A potential *stare decisis* effect is enough to demonstrate possible impairment. *Id.* Here, Jerry Baker's suit could impair the rights of Smith and the other siblings due to its potential *stare decisis* effect on any future suits against Wilson or YRC over Ringo Baker's death. Further, Shelby County Probate Court has already appointed

Smith as the Administrator *Ad Litem* over this claim; Baker's suit could potentially affect the exercise of that right as well.

Finally, Smith states that Jerry Baker cannot adequately protect her and the other siblings' interests. To demonstrate inadequacy, "the proposed intervenor need show only that there is a *potential* for inadequate representation." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 400 (6th Cir. 1999)). This can be satisfied by showing "that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments," or that the proposed intervenors' interest is not represented at all. *Id.* at 496. Smith has met this burden here. Jerry Baker is not guaranteed to make all of the arguments that the larger sibling group would, given his individual interests, while Smith has been appointed Administrator *Ad Litem* of their interests by the Shelby County Probate Court. Jerry Baker lacks this mandate, does not represent their interests collectively, and possibly will neglect to make arguments on behalf of all siblings. Accordingly, this last required step for intervention as of right is met.

As the Court believes that intervention as of right is warranted, it is unnecessary to discuss Smith's argument for permissive intervention. The Motion is hereby **GRANTED**. Smith will be allowed to intervene in this lawsuit as a plaintiff as of right.

**IT IS SO ORDERED** this 19th day of May, 2023.

s/John T. Fowlkes, Jr.,
**JOHN T. FOWLKES, JR.**
**UNITED STATES DISTRICT JUDGE**
